**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RIVER CROSS LAND COMPANY,
LLC,

                Plaintiff,

v.                                            Case No:   6:18-cv-1646-ACC-LHP

SEMINOLE COUNTY,

                Defendant

---

**SUPPLEMENTAL BRIEFING ORDER**

This cause comes before the Court on review of Defendant/Judgment Creditor's Motion to Compel Production of Documents in Aid of Execution from Judgment Debtor (Doc. No. 92) and Plaintiff's Response in Opposition (Doc. No. 94). For the reasons set forth herein, the Court will require supplemental briefing from both parties regarding the motion, as set forth below.

In sum, this dispute involves Defendant's post-judgment collection efforts, and a Request for Production of Documents in Aid of Execution served on Plaintiff on January 9, 2023 and Plaintiff's Reponses and Objections served February 8, 2023. Doc. No. 92, at 2. The discovery request and responses/objections are not attached

to the motion, however.   But according to the motion, Plaintiff "responded that it

had documents in its possession" for two specific requests, as follows:

> **Request No. 3:** Documents and records of checking, savings, money
> market, trust, brokerage, annuities, investment, or any other type of
> account, foreign or domestic, maintained by [Plaintiff] with any type
> of financial institution since January 1, 2018, including but not limited
> to, monthly account statements, checks, check registers, check stubs,
> canceled checks, and deposit slips.
>
> **Request No. 4**: All check registers, deposit slips, canceled checks, bank
> statements or certificates of deposits, or copies thereof, for all checking
> accounts, savings accounts, certificate of deposit account, credit union
> accounts, money market accounts, or any other type of checking,
> savings or cash investment accounts in which [Plaintiff] has or had any
> legal, beneficial or equitable interest since January 1, 2018.

*Id.*   Plaintiff produced numerous documents in response, including bank

statements from a BB&T bank account.   *Id.* at 2–3.   But according to Defendant,

the BB&T bank statements are missing copies of checks/canceled checks listed in

those bank statements.   *Id.* at 3.   So, Defendant seeks to compel Plaintiff to

produce the "missing" responsive bank documents, [1] as well as a written

confirmation from BB&T regarding the bank's inability/refusal to provide the

"missing" documents to Plaintiff.   *Id.* at 4.   Defendant also seeks a finding that

---

[1] Although Defendant seeks to compel "missing BB&T Account documents responsive to" Requests 3 and 4, the only "missing" documents identified in the motion are the copies of checks/canceled checks from the bank.   *See* Doc. No. 92.   So, the Court addresses only the production of those copies of checks/canceled checks.

Plaintiff's objections to production are waived, and attorney's fees for filing the motion.   *Id.* at 6, 7.

In response, Plaintiff contends that it has notified Defendant on multiple occasions that the "missing" documents, *i.e.*, copies of checks/canceled checks, are not within Plaintiff's custody, possession, or control.   Doc. No. 94, at 2.   Plaintiff states that it "has made diligent efforts to obtain the check copies from Plaintiff's bank to no avail," but Plaintiff provides no further information as to what "diligent efforts" were made, nor does Plaintiff provide a declaration or affidavit in support. *Id.* at 2–3.   Plaintiff also states that it advised Defendant that it would not object to Defendant subpoenaing BB&T bank for the copies of checks/canceled checks.   *Id.* at 3.   As to Defendant's latter request that Plaintiff produce written confirmation from BB&T regarding the bank's inability/refusal to provide the "missing" documents, Plaintiff says that Defendant has no legal basis for the request because the Request for Production failed to ask for it.   *Id.* at 4–5.

Generally speaking, in responding to a request for production, a party must produce documents that are in the party's "possession, custody, or control."   Fed. R. Civ. P. 34(a)(1).   "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."   *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).   Courts in this circuit have found that copies of checks/canceled checks are within the account holder's control, and thus, subject

to discovery.  *See, e.g.*, *Ghost Controls, LLC v. Gate1Access LLC.*, No. 5:20-cv-288-RBD-PRL, 2021 WL 4033280, at *2 (M.D. Fla. Sept. 3, 2021) ("Defendants have control over their bank statements and cancelled checks."); *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-cv-1850-T-30TBM, 2016 WL 8943269, at *2 (M.D. Fla. May 2, 2016) (finding that a plaintiff has control over bank statements and cancelled checks); *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011) (finding that the plaintiff had the legal right to obtain canceled checks from bank); *Abdin v. Am. Sec. Ins. Co.*, No. 09-81456-CIV, 2010 WL 1257702, at *3 (S.D. Fla. Mar. 29, 2010) (compelling plaintiff to "procure any and all documents that are in his custody, possession, or control, which may include effort on his party to procure the documentation from credit card companies, banks or others").

Here, however, Plaintiff states that the documents are not within its possession, custody, or control, and that it has made diligent efforts to obtain copies of the checks from BB&T bank to no avail.  Doc. No. 94, at 2–3.  But given that Plaintiff does not expound on these statements, or provide any evidentiary support, the Court will require supplemental briefing addressing, in detail and with evidentiary support, the efforts Plaintiff engaged in to obtain the information.  *See, e.g.*, *Abdin*, 2010 WL 1257702, at *3 (requiring a statement from Plaintiff regarding same).

Moreover, Defendant asks the Court to compel Plaintiff to obtain written confirmation from BB&T regarding the bank's inability/refusal to provide the "missing" documents to Plaintiff, without citation to any legal authority in support, and even though Defendant did not include this request in the Requests for Production at issue, and could likely obtain this information from BB&T by subpoena without objection from Plaintiff. *Cf. Logan v. Spreadly*, No. 3:17-cv-765-J-39PDB, 2020 WL 1640085, at *2 n.4 (M.D. Fla. Apr. 2, 2020) (no basis to compel certain photographic evidence where it was not requested in the request for production). So, the Court will require supplemental briefing on this issue from Defendant. Further, given the requests made in the motion and that Defendant has not attached to the motion the Request for Production of Documents in Aid of Execution or Plaintiff's Reponses and Objections, the Court will require Defendant to submit copies of both with its supplemental briefing.

Accordingly, it is **ORDERED** as follows:

1.      Within **twenty-one (21) days** of the date of this Order, **Defendant** shall file supplemental briefing:

      a.      Addressing, with citation to legal authority, the propriety of its request to compel Plaintiff to produce a written statement from BB&T regarding the bank's inability/refusal to provide the "missing" documents to Plaintiff.

b. Addressing Plaintiff's contention that Defendant may obtain the information by subpoena to BB&T, without objection from Plaintiff.

c. Attaching the Request for Production of Documents in Aid of Execution as well as Plaintiff's Reponses and Objections.

2. Within **twenty-one (21) days** of the date of this Order, **Plaintiff** shall file supplemental briefing:

a. Addressing Plaintiff's statement that copies of the checks/canceled checks are not within Plaintiff's custody, possession, or control, in light of the authority cited herein, as well as Plaintiff's statement that it "has made diligent efforts to obtain the check copies from Plaintiff's bank to no avail."

b. Attaching evidence in support, by affidavit made under penalty of perjury or declaration pursuant to 28 U.S.C. § 1746, which must specifically address in detail Plaintiff's efforts to obtain the information from BB&T and the reasons the efforts were unsuccessful.

3. Of course, if Defendant has resolved this motion by issuance of a third-party subpoena to BB&T or otherwise, and no longer seeks resolution by the Court, Defendant may notify the Court within this twenty-one (21) day supplemental briefing period.

**DONE** and **ORDERED** in Orlando, Florida on August 15, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties